IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSEPH M. SMITH, MEREDITH SMITH, NICHOLAS K. LAWS, TAD KRETH, BRANDON LAWS, and REECE LAWS,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT JOSEPH SMITH'S MOTION TO DISMISS<br><br><br><br>Case No. 2:09-CR-243 TS |

This matter is before the Court on Defendant Joseph Smith's Motion to Dismiss. Defendant Smith seeks dismissal of certain counts, arguing that they are multiplicitous. For the reasons discussed below, the Court will deny the Motion.

**I. Background**

Defendant Smith is charged with 28 counts alleging numerous violations of federal law relating to the theft and sale of government property, specifically, Indian artifacts and archeological resources. Defendant Smith is charged under three separate statutes: 16 U.S.C. § 470ee, 18 U.S.C. § 641, and 18 U.S.C. § 1163. Defendant Smith is charged with violating 16

1

U.S.C. § 470ee in Counts 1, 2, 3, 7, 8, 9, 10, 12, 13, 15, 17, 18, 20, 22, 24, 26, and 28. Defendant Smith is also charged with violating 18 U.S.C. § 641 in Counts 4, 5, 11, 14, 21, 23, 25, and 27, along with 18 U.S.C. § 1163 in Counts 6, 16, and 19.

## II. Standard of Review

The Fifth Amendment provides that no "person [shall] be subject for the same offense to be twice put in jeopardy of life or limb."[1] "This protection applies not only to successive prosecutions, but also to successive punishments for the same offense."[2] Tenth Circuit "jurisprudence establishes that multiplicitous sentences violate the Double Jeopardy Clause."[3] "Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior."[4] "Although multiplicity is not fatal to an indictment, multiplicitous counts which may result in multiplicitous convictions are considered improper because they allow multiple punishments for a single criminal offense."[5]

"A person may be prosecuted for more than one crime based on the same conduct (1) if each crime requires proof of a fact that the other does not, or (2) if Congress has clearly expressed its intent to impose cumulative punishment for the same conduct under different

---

[1] U.S. Const., amend. V.

[2] *United States v. Morris*, 247 F.3d 1080, 1083 (10th Cir. 2001).

[3] *Id*. at 1083 n.2.

[4] *United States v. Meuli*, 8 F.3d 1481, 1485 (10th Cir. 1993) (quotation marks and citation omitted).

[5] *United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006) (quotation marks and citation omitted).

statutory provisions."[6] If Congressional intent cannot be discerned, the Court applies the rule of statutory construction set forth in *Blockburger v. United States*.[7] The test was stated by the Supreme Court as follows:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . . A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.[8]

### III. Discussion

A. Charges

Defendant Smith is charged with seventeen counts in violation of 16 U.S.C. § 470ee: Count 1 is based on a copper bracelet; Count 2 a woven fiber sandal; Count 3 a turquoise pendant; Count 7 a frame of lithics and jewelry; Count 8 a twin effigy; Count 9 a San Jose *at'ladl* knife; Count 10 a set of seven polishing stones; Count 12 a paint pot; Count 13 a bolo or hair ornament; Count 15 an artifact collection consisting of two bone beads, a shell necklace with clay pendant, two drills, and other pendants; Count 17 a sandal last; Count 18 an artifact collection consisting of points, beads, and ceramic effigy; Count 20 an Olla ring; Count 22 a 45-bead ivory necklace; Count 24 an artifact collection including a necklace of ivory beads; Count 26 an artifacts collection including a prayer stick, and; Count 28 four ceramic beads.

---

[6]*United States v. Pearson*, 203 F.3d 1243, 1267-68 (10th Cir. 2000) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

[7]*United States v. Morehead*, 959 F.2d 1489, 1506 (10th Cir. 1992).

[8]*Blockburger*, 284 U.S. at 304 (quotation marks and citation omitted).

Counts 4 and 5 charge Defendant Smith with violations of 18 U.S.C. § 641 based on the sales of the copper bracelet and the turquoise pendant at issue in Counts 1 and 2 respectively. Count 11 charges Defendant Smith with a violation of 18 U.S.C. § 641 based on the sales of the twin effigy, the San Jose at'ladl knife, and the set of polishing stones at issue in Counts 8, 9, and 10. Count 14 charges the same for the paint pot and bolo or hair ornament at issue in Counts 12 and 13. Count 21 charges Defendant Smith with violations of 18 U.S.C. § 641 for the sale of the Olla ring at issue in Count 20. Count 23 charges Defendant Smith with the same for the sale of the 45-bead necklace at issue in Count 22. Counts 25 and 27 do the same with the sales of the artifact collections at issue in Counts 24 and 26.

Counts 6, 16 and 19 charge Defendant Smith with violations of 18 U.S.C. § 1163 for the conversion of the woven fiber sandal at issue in Count 3 and the artifact collections in Counts 15 and 18.

B. Statutes

Defendant is charged under three separate statutes.

16 U.S.C. 740ee(b) states:

No person may sell, purchase, exchange, transport, receive, or offer to sell, purchase, or exchange any archaeological resource if such resource was excavated or removed from public lands or Indian lands in violation of—
    (1) the prohibition contained in subsection (a) of this section, or
    (2) any provision, rule, regulation, ordinance, or permit in effect
    under any other provision of Federal law.[9]

"The term 'archaeological resource' means any material remains of past human life or activities

---

[9] 16 U.S.C. § 470ee(b).

which are of archaeological interest, as determined under uniform regulations promulgated pursuant to this chapter."[10] However, "[n]o item shall be treated as an archaeological resource . . . unless such item is at least 100 years of age."[11] The penalties for a violation of § 470ee, where the value of the resource exceeds $500, is a fine of $20,000 or imprisonment of not more than two years, or both.[12]

> 18 U.S.C. § 641 provides:
>
> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or
> Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—
> Shall be fined under this title or imprisoned not more than ten years, or both; but if the value of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case, does not exceed the sum of $1,000, he shall be fined under this title or imprisoned not more than one year, or both.
> The word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.[13]

As indicated, the penalty for a violation of that statute, where the value is more than $1,000, is a fine and imprisonment of not more than ten years.

---

[10]*Id*. § 470bb(1).

[11]*Id.*

[12]*Id*. § 470ee(d).

[13]18 U.S.C. § 641.

18 U.S.C. § 1163 states:

> Whoever embezzles, steals, knowingly converts to his use or the use of another, willfully misapplies, or willfully permits to be misapplied, any of the moneys, funds, credits, goods, assets, or other property belonging to any Indian tribal organization or intrusted to the custody or care of any officer, employee, or agent of an Indian tribal organization; or
>
> Whoever, knowing any such moneys, funds, credits, goods, assets, or other property to have been so embezzled, stolen, converted, misapplied or permitted to be misapplied, receives, conceals, or retains the same with intent to convert it to his use or the use of another--
>
> Shall be fined under this title, or imprisoned not more than five years, or both; but if the value of such property does not exceed the sum of $1,000, he shall be fined under this title, or imprisoned not more than one year, or both.
>
> As used in this section, the term "Indian tribal organization" means any tribe, band, or community of Indians which is subject to the laws of the United States relating to Indian affairs or any corporation, association, or group which is organized under any of such laws.

The penalty for a violation of that statute, where the value is more than $1,000, is a fine and imprisonment of not more than five years.

<u>C. Analysis</u>

Defendant Smith seeks dismissal of certain counts in the indictment, alleging that the charges are multiplicitous. The government argues that the charges are not multiplicitous because: (1) Congress intended to allow separate punishment for the three distinct offenses which are charged here; and (2) even if Congressional intent cannot be discerned from the language of the statutes, each charge requires proof of a fact that the others do not. The government also argues that if the Court were to find that the indictment is multiplicitous the remedy is to allow the government to elect between the multiplicitous accounts and choose those counts on which it will proceed.

The government's first argument is dubious. The government argues that because there is nothing in the language of these three statutes indicating that a conviction under one would prohibit conviction under another, Congress intended to allow separate punishments under each statute. The fact that each of these statutes exist does not show that Congress has clearly expressed its intent to impose cumulative punishment for the same conduct under different statutory provisions. Rather, the Court finds there is a lack of clearly expressed intent. Interestingly, the government cites to no case law or any portion on the Congressional record to support its position that Congressional intent on this subject is clear.

The government's second argument requires a close examination of the three statutes at issue here. The indictment charges Defendant Smith with several violations of 16 U.S.C. § 470ee, the Archaeological Resources Protection Act ("ARPA").[14] This statute protects resources that are either on federal "public land" or "Indian lands." The definition of what constitutes an "archaeological resource" is vaguely described in the statute. Several examples are listed, such as: "pottery, basketry, bottles, weapons, weapon projectiles, etc . . . ."[15] Also, in order for an object to fall under the statute it must be proved that the item is over 100 years old.[16] ARPA also requires proof that the object sold or transferred is valued in excess of $500 and was taken from public lands without a permit.[17]

---

[14] 16 U.S.C. § 470ee(b).

[15] *Id.* § 470bb(1).

[16] *Id.*

[17] *Id.*

Regulations relating to obtaining a permit are extensively outlined in 16 U.S.C. § 470cc.[18] Under section 470cc, permits are required in order to ensure that the excavator is qualified, the excavation is being done to further knowledge in the public interest, and that the objects remain the property of the United States. In addition, notice must be given to Native American tribes if the "archaeological resource" has historical or cultural significance to a particular tribe. Finally, violation of the statute also occurs if the selling of an archaeological resource violates any other provision of federal law.[19]

18 U.S.C. § 641 establishes criminal liability when a person sells, without authority, a "thing of value of the United States."[20] There is no requirement that the object was either an "archaeological resource" or a "Native American cultural item." Additionally, the government must prove that the value is in excess of $1,000 and that Defendant Smith intended to convert the property to his own use or gain, knowing that the property had been embezzled, stolen, purloined or converted.

18 U.S.C. § 1163 prohibits embezzlement and conversion of property, including money, credits, assets and goods belonging to an Indian tribal organization, or retention, receipt, concealment or misapplication of such goods knowing them to be embezzled or otherwise unlawfully converted. This statute requires the government to prove the specific intent required

---

[18] *Id.* § 470cc.

[19] *Id.*

[20] 18 U.S.C. § 641.

for embezzlement,[21] that the good belonged to any Indian tribe or organization as defined in the statute, and that the value exceeded $1,000.

Based on the differences in these statutes, the Court finds the indictment is not multiplicitous. Each charge would require the government to prove an element that is not required in the others. As set forth above, ARPA requires a showing that the item is an archeological resource, that it is over 100 years old, and that its value is more than $500. Under Section 641, the government must show that the property was government property and had a value of over $1,000. Similarly, under Section 1163, the government must show the property belonged to an "Indian tribal organization" and had a value in excess of $1,000. Therefore, because each count requires proof of something the others do not, the indictment is not multiplicitous and the Motion will be denied.

However, even if the Court did find the indictment to be multiplicitous, the government is correct that the discretion in choosing which charge to pursue rests with it.[22] In *Jones*, the Forest Service officers observed the defendants "digging in Indian ruins located on the federal government land."[23] The defendants were charged under a general theft statute covered by 18 U.S.C. § 641. The defendants sought to have the charge dismissed, arguing that Congress intended the Antiquities Act to be the only means of prosecuting that type of conduct. The Ninth Circuit rejected this argument stating, "[t]he rule we apply is straightforward: where an act

---

[21] *United States v. Oldbear*, 568 F.3d 814, 823-24 (10th Cir. 2009).

[22] *United States v. Jones*, 607 F.2d 269 (9th Cir. 1979).

[23] *Id.* at 270.

violates more than one statute, the Government may elect to prosecute under either unless the congressional history indicates that Congress intended to disallow the use of the more general statute."[24] As a result, "[w]here the statute applies to the conduct in question and there is no affirmative evidence that Congress intended to limit the application of the more general statute, the prosecutor is free to elect to prosecute under either."[25] Because the Court has already found there is no clear Congressional intent, the government is not barred from bringing simultaneous charges based on the three statutes.

### IV. Conclusion

Based on the above, it is hereby

ORDERED that Defendant Joseph Smith's Motion to Dismiss (Docket No. 93) is DENIED. It is further

ORDERED that the time between the filing of this Motion and this Order is excluded from the Speedy Trial Act calculation under 18 U.S.C. § 3161(h). It is further

---

[24] *Id.* at 271 (internal quotation marks and citations omitted).

[25] *Id.* at 273.

ORDERED that the parties contact Magistrate Judge Alba's chambers to set up a pre-trial conference no later than WEDNESDAY, APRIL 14, 2010.

DATED  April 9, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge