FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
APR 2 3 2010
D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

CARLIE CHRISTENSEN, Acting United States Attorney (# 0633)
RICHARD D. McKELVIE, Assistant United States Attorney (#2205)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

---

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:09-cr-243 TS |
| Plaintiff, | |
| vs. | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| NICHOLAS K. LAWS | |
| Defendant. | |

---

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

1.  As part of this agreement with the United States, I intend to plead guilty to Count 8 of the Superseding Indictment. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the government is required to prove in order to convict me.

> (a) The elements of Count 8 are: 1) defendant did knowingly purchase, sell, exchange or receive, 2) archeological resources, 3) which were removed from public lands in violation of Federal law, and 4) were valued in excess of $500.

2.  I know that the maximum possible penalty provided by law for Count 8 of the Superseding Indictment, TRAFFICKING IN STOLEN ARTIFACTS, a violation of 16 U.S.C. § 470ee is a term of imprisonment of up to 2 years, a fine of $250,000, and a term of supervised release of up to 3 years. I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C.

§ 3583(e)(3). Additionally, I know the court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can have a trial.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

> (a) I have a right to the assistance of counsel at every stage of the proceeding.
>
> (b) I have a right to see and observe the witnesses who testify against me.
>
> (c) My attorney can cross-examine all witnesses who testify against me.
>
> (d) I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.
>
> (e) I cannot be forced to incriminate myself, and I do not have to testify at any trial.
>
> (f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.
>
> (g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

(h) It requires a unanimous verdict of a jury to convict me.

(i) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence.

9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

On January 15, 2008, I sold a twin effigy to a person I now know to be a confidential source working with the BLM and the FBI. I removed the twin effigy from lands administered by the United States Bureau of Land Management, in violation of Federal law. I acknowledge that the twin effigy is valued in excess of $500.

12. The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

    A. The defendant agrees:

    (1) To plead guilty to count 8 of the Superseding Indictment.

    (2) To forfeit to the BLM all interest in any archaeological artifact, that the defendant currently owns or over which he exercises control, directly or indirectly, including on consignment, regardless of its source or its country of origin, including any property he has transferred, and any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of these offenses, and including artifacts seized by the BLM during the execution of a search warrant on his premises on June 10, 2009. The defendant's arrowhead collection and spearhead

given to defendant by his grandfather are not subject to this provision however the United States and defendant intend to resolve the disposition of those items in advance of sentencing. In the event the parties unable to resolve the disposition of these items the same shall be presented to the Court for it to make a determination of those items.

(3) To warrant that he is the sole owner of the property listed above, and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

(4) To waive all interest in any equipment or archaeological artifacts in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges and understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time this guilty plea is accepted.

(5) ~~The~~ defendant shall allow access ~~to his father's~~ home so that ~~agents and employees of the FBI and/or BLM may remove~~, for safe ~~transport, all archaeological artifacts~~ subject to forfeiture as described ~~above.~~

(6) To refrain from entry onto tribal lands and public lands <u>owned</u> administered by the BLM, United States Forest Service, National Park Service, and National Wildlife Refuge system during the period of supervised release or probation imposed by the court. Exception may be made for travel through public lands on established highways or public roads as necessary for travel consistent with defendant's business or personal affairs not associated in any way with the collection or excavation of archeological artifacts. and exception may be made for allowance to use public lands for recreational activities i.e. fishing, camping, hiking and like activities, but there shall be a complete prohibition from defendant participating in any way in the collection or excavation of archaeological artifacts.

(7) To refrain from the purchase, sale, exchange, excavation or removal of archaeological resources, regardless of their legality or origin, and to refrain associating with persons involved in such activities;

(8) The parties acknowledge that the defendant has previously provided to investigative agents from the Bureau of Land Management complete and truthful information concern the defendant's conduct in obtaining, possessing and sale of Native American artifacts from public lands and Indian lands. The defendant agrees to meet one additional time with agents from the Bureau of Land Management to provide any additional information related solely to defendant's conduct in obtaining, possessing and sale of Native American artifacts from public lands and Indian lands.

(9) That if he violates any term or condition of this agreement, this agreement may be declared null and void by the Court. If that occurs, the United States can and will proceed to prosecute him on any remaining counts pending against him and any other crimes known to the United States. Defendant understands that this subsequent prosecution will occur notwithstanding any previous dismissal of the counts, and that his plea of "Guilty" and sentence in this case will be unaffected by any such subsequent prosecution.

B.   The United States agrees:

(1) To move the court to dismiss the remaining counts in the superseding indictment as they relate to defendant;

(2) To recommend that the defendant's offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, the defendant clearly demonstrates acceptance of responsibility for his offenses, up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines; and

(2) To recommend at sentencing that the defendant be sentenced ~~within~~ [handwritten: *at the low end of RSL* *NL*] the range in the U.S. Sentencing Guidelines. The United States' agreement is based on the present facts and circumstances, and if the facts change, the United States shall not be bound by this provision.

(3) The plaintiff shall return to the defendant the computers removed from his home.

-5-

I make the following representations to the Court:

1. I am **31** years of age. My education consists of **GED**. I **can** [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court. .

3. No one has made threats, promises, or representations to me that have caused me to plead guilty.

4. Neither my attorney nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea was made, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this **23** day of **April**, 2010.

_____
NICHOLAS K. LAWS
Defendant

I certify that I have discussed this statement with the defendant, that I have fully explained his rights to him, and I have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 23 day of April, 2010.

RANDY S. LUDLOW
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no off-the-record agreements between the defendant and the United States.

DATED this 23rd day of April, 2010.

CARLIE CHRISTENSEN
Acting United States Attorney

RICHARD D. McKELVIE
Assistant United States Attorney