Randy S. Ludlow #2011
Attorney for Defendant
185 South State Street, Suite 208
Salt Lake City, Utah 84111
Telephone: (801) 531-1300
Fax: (801) 328-0173

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **DEFENDANT'S POSITION** |
| | : | *in re* **SENTENCING FACTORS** |
| Plaintiff, | : | |
| vs. | : | Case No. 2:09CR243 |
| | : | |
| NICHOLAS K. LAWS, | : | Judge Ted Stewart |
| Defendant. | : | |
| | : | |

   Comes now the defendant, by and through his attorney of record, Randy S. Ludlow, who submits the following relating to the sentencing factors and responds to the pre-sentence report as filed by the United States Probation Department.

   1.  Paragraph 30 identifies that the defendant attempted to sell a rattle mug to the CS, which rattle mug supposedly came from private property. This defendant never had a rattle mug nor did he attempt to sell the same to the CS. It was not this defendant who was involved with a rattle mug.

   2.  Paragraph 32 states that there were excavations in the in the obtaining of artifacts as made by the defendant. All of the defendant's finds were surface finds and the defendant did

not participate in nor do any excavations of any site.  The defendant would find items on his hikes and that is how he obtained the items that he found.  The defendant did not use the term "homies" in referring to BLM authorities.

      3.      Paragraph 35 deals with Victim Impact.  There is no question that the defendant removed items from land where he could not legally obtain the artifacts, but all finds were surface finds and there was no excavation of any site by the defendant.

      4.      In paragraph 40 a 2 point enhancement was given based on the claim that the offense involved a resource constituting "cultural property".  Under the Commentary of U.S.S.G. §2B1.5 at 4(B), it states that "Cultural property" has the meaning given that term in 19 U.S.C. §2601(6).   19 U.S.C. §2601(6) states: " The term 'cultural property' includes articles described in article 1(a) through (k) of the Convention whether or not any such article is specifcally designated as such by any State Party for the purposes of such article."  The Convention article 1(a) through (k) is not contained in 19 U.S.C. §2601 et seq.   The 2 point enhancement should not be given to the defendant.  A further basis for why the 2 point enhancement should not be given is that the charge that the defendant plead deals directly with selling items taken from restricted land.  There is no basis for the 2 point enhancement.

      5.      In paragraph 41 a 2 point enhancement was given based on the fact that the offense was committed for pecuniary gain.  It is true that the defendant received monies for the items sold to the CS.  However, when the items were taken from the restricted land, it was not the intent of the defendant that he was removing the articles with the intention of selling them.  If it is the intent to remove the article with the present intent to sell it, then the 2 point enhancement is applicable.  This defendant's intent, when he removed the articles, was to keep them.  The

defendant sold the articles because of his severe financial problems.  The defendant was out of work, his wife was out of work because of a broken leg, they had substantial medical bills and also no money to pay their rent.  The defendant did not take the articles for the purpose of pecuniary gain and as such the 2 point enhancement should not be given to the defendant.

6. With the removal of enhancements as noted above, paragraph 45 should be 8 and not 12 and the Total Offense Level in paragraph 46 should be 6, not 10.

7. Paragraph 52 correctly establishes a criminal history category of II.  However, given the nature of the defendant's two misdemeanor convictions, including the length of time between the offense in 1999 and the present charge, it is the defendant's position that this over represents his criminal history and that it should be a category I instead of a category II.

8. Based on a total offense level of 6 and a criminal history category of I, the guideline range of imprisonment in Zone A is 0-6 months and that paragraph 64 should reflect that calculation.

9. The defendant, being in Zone A, is entitled to probation. U.S.S.G. §5B1.1.

**Sentencing Factors pursuant to 18 U.S.C. §3553:**

<u>The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant</u>

1. The defendant, in an attempt to help him resolve issues in his life, would many times go for hikes on BLM and Indian Country lands.  During these times, and at other times when traveling on these lands, he could locate artifacts.  He removed those artifacts with the intention of keeping them for himself.  At a time when he was financially strapped, he was approached to sell some of the items that he had wrongfully removed from those lands.  He sold

artifacts so that he could provide for his family.  The defendant continues to provide for his struggling family.

The defendant, when questioned about what he did, what he removed and where he removed the artifacts, informed authorities about all of his activities.  He has not withheld any information about what he did and where he got the artifacts.  When the artifacts were removed from his parent's home by law enforcement personnel and others, he even assisted those who were inventorying the artifacts about those artifacts.  Even though the defendant had wrongfully taken the artifacts, it was very clear to those who were removing the artifacts from the defendant's parent's home, that the defendant had a great love and reverence for the artifacts.  The defendant did not excavate sites, which would have harmed the artifacts, nor is he the type of person who was out to make a "fast buck" like so many of the other defendants in the related cases.

<u>To Reflect the Seriousness of the Offense and to Promote  Respect for the Law, and to Provide Just Punishment for the Offense.</u>

2. Having the artifacts safeguarded and protected from looting or harm is absolutely necessary.  The need to promote respect for the law to show others that they are not to remove artifacts from BLM and Indian Country is an appropriate goal.  To incarcerate the defendant is not a just punishment for his acts in this case.  The defendant has support from his family and the community where he lives and is seen as a "good" person.  Having the defendant incarcerated will not promote any goal which would be necessary to send messages to others about the seriousness of this type of offense.  These is especially true in the fact that two other persons who's activities were extensive, who were excavating sites and running a business of selling

artifacts have been given probation.  This defendant's activities pale in comparison of those of Jeanne Redd and Jerrica Redd, both of whom were given probation.

<u>To afford adequate deterrents to criminal conduct.</u>

3.      The defendant is truly remorseful in regard to his improper actions in this case, and the goal of making deterrent to criminal conduct by the defendant has been met by his arrest and his supervision while this matter was being resolved and while awaiting sentencing.

<u>To Protect the Public From Further Crimes of the Defendant.</u>

4.      This defendant had some issues as a young adult, which appear to have resolved themselves based on court intervention.  His crimes were misdemeanors.  The public has not been at risk from this defendant previously, and the likelihood of future problems to the safety of the public is minuscule.

<u>To Provide the Defendant with Needed Educational, Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.</u>

5.      In this case, the defendant has a family that is in need of him, for his carrying for his children and supporting his family.  The defendant is not in need of educational, vocational training, medical care or other correctional treatment.

**Requested Relief**

It is not appropriate, in this case, to incarcerate the defendant given the defendant's prior history and the facts relating to the instant offense.  It is respectfully requested that the Court place the defendant on probation so that he can continue to support his struggling family.  The defendant is not a threat nor a danger to the community and incarceration of this defendant does not further the interests of justice.  Given the publicity that this case and the related cases have

received, the message is clear to all those in the community that if you remove property from BLM and Indian Country lands that you will be prosecuted. This defendant is truly remorseful over his actions. He has assisted law enforce in identifying his conduct. The defendant has been an asset to the community and should continue to be an asset to the community.

RESPECTFULLY SUBMITTED this 23rd day of June, 2010.

/s/Randy S. Ludlow
Randy S. Ludlow
Attorney for Defendant